## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RICCARDO McKNIGHT,               *

Petitioner                     *

v.                         *         Civil Action No. JKB-14-2042

WARDEN TIMOTHY STEWART     *

Respondent               *

***

### MEMORANDUM

This court required respondents to file a response to the petition for writ of habeas corpus. ECF No. 3. Respondent filed a motion to dismiss or, alternatively, motion for summary judgment and response to the habeas petition. ECF No. 7. Petitioner was notified of his opportunity to file a reply and has done so. ECF No. 8. The parties then filed additional responses, replies, and surreplies. ECF Nos. 9-12. The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, the court will DISMISS the petition for writ of habeas corpus and DENY a certificate of appealability.

### Background

Petitioner maintains that the Bureau of Prisons ("BOP") has improperly calculated his sentence. ECF No. 1. He maintains that his federal sentence was to run concurrently with his state sentence and he is being held past his release date. *Id.*

The facts and circumstances giving rise to this action are not materially in dispute. On November 23, 2009, petitioner was arrested in Warren County, New Jersey, for fraudulent use of a credit card, conspiracy, and theft by deception. At that time, he had other cases pending in Somerset County and Bergen County, New Jersey. ECF No. 7, Attachments 1-4. While detained in state custody, on January 27, 2010, petitioner was "borrowed" to federal custody pursuant to a federally issued Writ of Habeas Corpus Ad Prosequendum. *Id.*, Attachment 5.

On April 7, 2010, in the United States District Court for the District of New Jersey, petitioner was sentenced to a 60-month term of incarceration and ordered to pay restitution. *Id.*, Attachment 6. Thereafter, petitioner was returned to state custody with the federal judgment lodged as a detainer against him. *Id*. Ex. 5.

On April 8, 2011, petitioner was sentenced to a five-year term of confinement by the Somerset County Superior Court. He received 507 days of custody credit. *Id*., Attachments 1, 3, and 7. On September 23, 2011, he was sentenced to a five-year term of confinement in Bergen County, New Jersey. *Id*., Attachments 1 & 4. On November 10, 2011, petitioner received a five-year term of confinement in Warren County, New Jersey. *Id*., Attachments 1 & 2.

On March 17, 2014, petitioner was released from the New Jersey Department of Corrections to the United States Marshal's Service detainer. *Id*., Attachments 5 & 8. Petitioner should have been released from state custody to the federal detainer on August 31, 2013, his maximum release date. The time he remained in state custody after his maximum release date, from September 1, 2013 to March 16, 2014, was credited to petitioner's federal sentence. *Id*, Attachment 10.

On May 9, 2014, petitioner's Warren County, New Jersey, case was vacated. The state judge indicated he intended to have petitioner's federal sentence served first and, as that did not occur, the state sentence was vacated "to apply all time credits toward defendant's yet unsatisfied federal sentence." *Id*., Attachment 9.

Upon entering federal custody, the BOP prepared a sentence computation based on petitioner's 60-month sentence, commencing on March 17, 2014, the date petitioner was received into federal custody. He was awarded jail credit from January 30-February 20, 2008; April 29-May 5, 2008; and September 1, 2013-March 15, 2014, as these periods of incarceration

had not been awarded by the state.  Petitioner is scheduled to be released via good conduct time on December 10, 2017. *Id.*, Attachment 10.

On June 23, 2014, petitioner filed an administrative remedy regarding the calculation of his federal sentence.  *Id.*, Attachment 16.  The request was denied on July 13, 2014.  Petitioner filed a timely appeal to the Regional Office, which was denied.  *Id.*  At the time the response to this petition was filed, petitioner's time for filing an appeal to the central office remained pending. *Id.*

### Standard of Review

A.     Motion to Dismiss

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim entitling him to relief.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Id.* at 562.  The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusional factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing the complaint in light of a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States*, 120

F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of

the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*,

248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513

(2002) (stating that a complaint need only satisfy the "simplified pleading standard" of

Rule 8(a)).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  Nonetheless, the complaint

does not need "detailed factual allegations" to survive a motion to dismiss.  *Id.*  Thus, a

complaint need only state "enough facts to state a claim to relief that is plausible on its face."  *Id*.

at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, at 678.  "But where the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the

pleader is entitled to relief.'"  *Id*. at 679 (quoting Rule 8(a)(2)).

B.     Summary Judgment

Summary judgment is governed by Rule 56(a) which provides that "[t]he court shall

grant summary judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  The Supreme Court has clarified

that this does not mean that any factual dispute will defeat the motion:  "By its very terms, this

standard provides that the mere existence of *some* alleged factual dispute between the parties will

not defeat an otherwise properly supported motion for summary judgment; the requirement is

that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting former Rule 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby*, the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. at 249. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have

the burden of proof.   *See Celotex Corp. v. Catrett*, 477 U.S. at 322-23.   Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

### Analysis

It is well established that a federal inmate must first exhaust administrative remedies before filing a § 2241 petition challenging the computation of his sentence.   *See United States v. Harris*, 11 F. App'x 108 (4th Cir. 2001) (unpublished) (citing *United States v. Wilson*, 503 U.S. 329, 334-37, (1992)); see *also United States v. Gaylor*, 828 F.2d 253, 254-55 (4th Cir. 1987); *Crosson v. State of South Carolina*, 16 F.3d 409 (4th Cir. 1994) (unpublished) (affirming dismissal of inmate's claim for failure to exhaust administrative remedies).

It is the responsibility of the United States Attorney General, the Department of Justice, and the Federal Bureau of Prisons to compute sentences of prisoners committed to the custody of the United States or the District of Columbia and apply credit where it is due.   *See* 18 U.S.C. § 3624.   In the event a prisoner disputes the computation of his sentence or the application of credits, he is permitted to seek a remedy for the grievance through the administrative remedy process in place in the Bureau of Prisons facilities.   *See* 28 C.F.R. § 542.10 et seq.   That process provides that if an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within 20 calendar days of the date of the occurrence on which the complaint is based.   *See* 28 C.F.R. § 542.14(a).   If an inmate is not satisfied with the Warden's response, he may appeal to the Regional Director within 20 calendar days of the Warden's response.   *See* 28 C.F.R. § 542.15(a).   If the inmate still is not satisfied, he may appeal the Regional Director's response to the Office of General Counsel, Washington, D.C., using the appropriate forms.   The inmate must file this final appeal within 30 calendar days of the date the

Regional Director signed the response.  *See id.*  An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels.  *See* 28 C.F.R. § 542.15(a).

While petitioner has begun the administrative process, he has yet to complete it.  ECF No. 7, Ex. 16.  Petitioner's bald contention that exhaustion of administrative remedies would be futile and therefore his failure to exhaust should be excused is unavailing.   In this case, it is clear that petitioner has not exhausted his administrative remedies, and he has provided no valid excuse for his failure to do so. Accordingly, the petition for writ of habeas corpus will be dismissed without prejudice; respondent's motion to dismiss shall be granted; and a certificate of appealability[1] shall be denied in a separate order which follows.


February 2, 2015                                                                    /s/
Date                                                              James K. Bredar
                                                                  United States District Judge

---

[1]  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).